IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHEE ABD RASHEED,

        Plaintiff,

        vs.

DEPARTMENT OF JUSTICE BUREAU
OF CRIMINAL IDENTIFICATION AND
INFORMATION, et al.,

        Defendants.

No. CIV S-10-0256 EFB P

ORDER

/

        Plaintiff, a prisoner without counsel, has filed a complaint alleging civil rights violations. *See* 42 U.S.C. §1983. To proceed with a civil action a plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). In apparent attempts to comply with these requirements, plaintiff has submitted several somewhat conflicting documents to the court.

        First, on March 24, 2010, plaintiff requested an extension of time to submit the filing fee or *in forma pauperis* application, indicating that prison officials "lack[ed] interest in processing or assisting plaintiff in mailing out money for court filing fees" and that plaintiff had no "meaningful access to his trust account." Dckt. No. 6. The court granted plaintiff an extension

of 30 days on April 12, 2010.  Dckt. No. 8.

Plaintiff failed to submit the fee or *in forma pauperis* application within that time. However, on May 25, 2010, plaintiff filed a document entitled "Enclosing Payment for Court Filing Fees $200.00."[1]  Dckt. No. 10.  In that document, plaintiff first states that he has mailed a check for $200.00 to the court to pay the filing fee.  However, the court has received no such payment.  Indeed, on the same document, plaintiff has handwritten, "These people refuse to process my money out of my account for me," suggesting that he has requested that a check be drawn from his account but that prison officials have refused to do so.  Plaintiff has attached a "Trust Account Withdrawal Form" filled out by plaintiff but apparently either not submitted to prison officials or not processed by them, as the "Approved" section of the form is blank.

Lastly, on June 8, 2010, plaintiff submitted a "Declaration" in which he states that he has submitted several *in forma pauperis* applications to the prison trust office and has not received any response.  Dckt. No. 6.  Plaintiff further states that prison officials claim he has no funds in his account, "but they continue to process money out of my account for other prisoners."  He states that he has not had access to his account since 1999.

Plaintiff's submissions indicate that he may have attempted to obtain either the filing fee or a trust account statement from the prison trust office but did not receive a response. However, plaintiff fails to explain why he has not yet submitted an affidavit requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).  Under that section, to obtain permission to proceed *in forma pauperis*, plaintiff must submit an affidavit that includes a statement of all assets plaintiff possesses and that plaintiff is unable to pay the filing fee or give security therefor. 28 U.S.C. § 1915(a)(1).  The unresponsiveness of the prison trust office does not impact plaintiff's ability to comply with § 1915(a)(1).

////

---

[1] Plaintiff is apparently under the mistaken impression that the filing fee for this action is $200.  It is, in fact, $350.  28 U.S.C. § 1914(a).

The trust office's alleged failure to respond to plaintiff's requests does impact plaintiff's ability to comply with 28 U.S.C. § 1915(a)(2), which requires him to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff may comply with this requirement by having prison officials complete the "Certificate" portion of the form application for leave to proceed *in forma pauperis*. The court directs plaintiff to attempt to obtain the required trust account statement or certification from the appropriate prison official(s). If plaintiff's request is ignored or plaintiff is unable to comply with § 1915(a)(2) for some other reason, plaintiff must still provide the affidavit required by § 1915(a)(1) as well as documentation (or a declaration) that supports his representation to the court regarding his attempt to comply with this order and the court's previous orders.

Accordingly, plaintiff has 21 days from the date of service of this order to submit one of the following: (1) the $350 filing fee, (2) the application required by § 1915(a), or (3) the affidavit required by § 1915(a)(1) and documentation (or a declaration) explaining why plaintiff cannot comply with § 1915(a)(2). The Clerk of the Court is directed to mail to plaintiff a form application for leave to proceed *in forma pauperis*. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: July 14, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3